1  PAUL L. REIN, Esq. (SBN 43053)
2  CELIA MCGUINNESS, Esq. (SBN 159420)
   CATHERINE M. CABALO, Esq. (SBN 248198)
3  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
4  Oakland, CA 94612
   Telephone: 510/832-5001
5  Facsimile: 510/832-4787
   reinlawoffice@aol.com

6  Attorneys for Plaintiff
   BONNIE REGINA
7
   * List of Defendants and their respective counsel listed after the caption.
8

9            IN THE UNITED STATES DISTRICT COURT

10          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 BONNIE REGINA,                          CASE NO. C09-5362 SBA

13      Plaintiff,                         Civil Rights

14 v.
                                           **CONSENT DECREE AND
15                                         [PROPOSED] ORDER AS TO
   HUNTMONT MEDICAL BUILDING,              INJUNCTIVE RELIEF ONLY**
16 A CALIFORNIA LIMITED
   PARTNERSHIP; QUEST
17 DIAGNOSTICS CLINICAL
   LABORATORIES, INC.; and DOES
18 1-10, Inclusive,

19      Defendants.

20 _____/

21 MELISSA WOOD EISENBERG, Esq. (SBN 197399)
   MURCHISON & CUMMING LLP
22 2010 Crow Canyon Place, Suite 380
   San Ramon, CA 94583
23 Telephone: 925/365-3170
   Facsimile: 925/365-3180
24 meisenberg@murchisonlaw.com

25 Attorneys for Defendant:
   HUNTMONT MEDICAL BUILDING
26
   STEVEN R. BLACKBURN, Esq. (SBN 154797)
27 ANDREW J, SOMMER, Esq. (SBN 192844)
   BROOKE A. BROWN, Esq. (SBN 242815)
28 EPSTEIN BECKER & GREEN, P.C.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY                -1-
CASE NO. C09-5362 SBA          C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\20110316 Consent Decree & Order (FINAL emailed to Court)_mtd.wpd

One California Street, 26th Floor
San Francisco, CA 94111-5427
Telephone:   415/398-3500
Facsimile:    415/398-0955
sblackburn@ebglaw.com
asommer@ebglaw.com
bbrown@ebglaw.com

Attorneys for Defendant:
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.

1. Plaintiff BONNIE REGINA filed a Complaint in this action on November 13, 2009, to obtain recovery of damages for her discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants HUNTMONT MEDICAL BUILDING ("Huntmont") and QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. ("Quest") (together collectively "Defendants"), relating to the condition of Defendants' public accommodations as of April 29, 2009, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 2999 Regent Street, Berkeley, California.

2. Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief aspects of this lawsuit without the need for protracted litigation. Issues of damages and attorney fees, costs and expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C09-5362 SBA                                2

of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree should not be construed as such.

6. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a) **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment A**, to be completed by Huntmont, and **Attachment B**, to be completed by Quest, attached and incorporated herewith.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C09-5362 SBA

3

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\20110316 Consent Decree & Order (FINAL emailed to Court)_mtd.wpd

1  Defendants agree to undertake all of the respective remedial work as set forth
2  therein.
3          b)  **Timing of Injunctive Relief**:  Defendant Huntmont will
4  submit plans for all corrective work to the appropriate governmental agencies if
5  necessary within 90 days of the entry of this Consent Decree by the Court.
6  Defendant Huntmont will commence work within 30 days of receiving approval
7  from the appropriate agencies.  Defendant Huntmont will complete all items
8  identified in **Attachment A** within 1 year of the commencement of work.
9  Defendant Huntmont will also provide Plaintiff with a status report detailing the
10  status of work described **Attachment A** within nine months of the commencement
11  of work.  Defendant Quest will submit plans for all corrective work to the
12  appropriate governmental agencies if necessary within 90 days of the entry of this
13  Consent Decree by the Court.  Defendant Quest will commence work within 60
14  days of receiving approval from the appropriate agencies.  Defendant Quest will
15  complete work related to the reception counter and provide an adjustable patient
16  examination table within four months of commencement of work.  Defendant
17  Quest will complete all remaining items identified in **Attachment B** within six
18  months of the commencement of work.  In the event that unforeseen difficulties
19  prevent Defendants from completing any of the agreed-upon injunctive relief,
20  Defendants or their counsel will notify Plaintiff's counsel in writing within 15
21  days of discovering the delay.  Defendants or their counsel will notify Plaintiff's
22  counsel when the corrective work is completed, and in any case each Defendant
23  will provide Plaintiff with a status report no later than 120 days from the entry of
24  this Consent Decree.
25          c)  Defendants will notify Plaintiff in writing at the end of 120
26  days from the Parties' signing of this Consent Decree and Order as to the current
27  status of agreed-to injunctive relief, and every 90 days thereafter until all access is
28  provided.  If any Defendant fails to provide injunctive relief on the agreed to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C09-5362 SBA                -4-                C:\Documents and Settings\workstation\Local Settings\Temp\notes06E812\20110316 Consent Decree & Order (FINAL emailed to Court)_mtd.wpd

1  timetable and/or fails to provide timely written status notification, and Plaintiff
2  files a motion with the Court to obtain compliance with these terms, Plaintiff
3  reserves the right to seek additional attorney fees from that Defendant for all
4  compliance work necessitated by its failure to keep this agreement.  However, the
5  Parties will negotiate in good faith for 30 days to resolve their differences, and the
6  Parties may mutually agree to extend this negotiation period.  Plaintiff will refrain
7  from filing a motion to obtain compliance until after this negotiation period is
8  complete.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

11      7.    The Parties have not reached any agreement regarding Plaintiff's
12  claims for damages, attorneys fees, litigation expenses and costs.  These matters
13  will be the subject of future negotiation or litigation as necessary.  <u>The Parties
14  jointly stipulate and request that the Court not dismiss the case as these significant
15  issues remain unresolved</u>.

**ENTIRE CONSENT DECREE AND ORDER:**

18      8.    This Consent Decree and Order constitute the entire agreement
19  between the signing Parties on the matters of injunctive relief, and no other
20  statement, promise or agreement, either written or oral, made by any of the Parties
21  or agents of any of the Parties that is not contained in this written Consent Decree
22  and Order shall be enforceable regarding the matters of injunctive relief described
23  herein.  This Consent Decree and Order applies to Plaintiff's claims for injunctive
24  relief only and does not resolve Plaintiff's claims for damages, attorney fees,
25  litigation expenses and costs, which shall be the subject of further negotiation
26  and/or litigation.  The Parties stipulate that all Parties request that the Court not
27  dismiss the case, as issues of statutory damages, attorney fees, litigation expenses,
28  and costs are still before the Court.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C09-5362 SBA                      5                C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\20110316 Consent Decree & Order (FINAL emailed to Court)_mtd.wpd

## CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

9. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors in interest. Defendants have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:

10. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM**

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C09-5362 SBA                    -6-

1  **OR HER MUST HAVE MATERIALLY AFFECTED HIS**
2  **SETTLEMENT WITH THE DEBTOR.**

4  This waiver applies to the injunctive relief aspects of this action only and does not
5  include resolution of Plaintiff's claims for damages, attorney fees, litigation
6  expenses and costs.

7      11.    Except for all obligations required in this Consent Decree and Order
8  – and exclusive of the referenced continuing claims for damages, statutory
9  attorney fees, litigation expenses and costs – each of the Parties to this Consent
10 Decree and Order, on behalf of each, their respective agents, representatives,
11 predecessors, successors, heirs, partners and assigns, releases and forever
12 discharges each other Party and all officers, directors, shareholders, subsidiaries,
13 joint venturers, stockholders, partners, parent companies, affiliated companies,
14 employees, agents, attorneys, insurance carriers, heirs, predecessors, and
15 representatives of each other Party, from all claims, demands, actions, and causes
16 of action of whatever kind or nature, presently known or unknown, arising out of
17 or in any way connected with the lawsuit.

19 **TERM OF THE CONSENT DECREE AND ORDER:**

20     12.    This Consent Decree and Order shall be in full force and effect for a
21 period of eighteen (18) months after the date of entry of this Consent Decree and
22 Order by the Court, or until the injunctive relief contemplated by this Order is
23 completed, whichever occurs later.  The Court shall retain jurisdiction of this
24 action to enforce provisions of this Consent Decree and Order for eighteen (18)
25 months after the date of entry of this Consent Decree and Order by the Court, or
26 until the injunctive relief contemplated by this Order is completed, whichever
27 occurs later.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C09-5362 SBA    7

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\20110316 Consent Decree & Order (FINAL emailed to Court)_mtd.wpd

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**

**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C09-5362 SBA

8

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\20110316 Consent Decree & Order (FINAL emailed to Court)_mtd.wpd

| | |
|---|---|
| Dated: _____, 2011 | PLAINTIFF BONNIE REGINA |
| | |
| | _____ |
| | BONNIE REGINA |
| | |
| Dated: _____, 2011 | DEFENDANT HUNTMONT MEDICAL BUILDING |
| | |
| | By: _____ |
| | Print name:_____ |
| | Title: _____ |
| | |
| Dated: _____, 2011 | DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. |
| | |
| | By: _____ |
| | Print name:_____ |
| | Title: _____ |

APPROVED AS TO FORM:

Dated: March 7, 2011    LAW OFFICES OF PAUL L. REIN

　　　　　　　　　　　   /s/ Catherine M. Cabalo
　　　　　　　　　　　  By: Catherine M. Cabalo, Esq.
　　　　　　　　　　　  Attorneys for Plaintiff
　　　　　　　　　　　  BONNIE REGINA

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C09-5362 SBA

-9-

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\20110316 Consent Decree & Order (FINAL emailed to Court)_mtd.wpd

| | | |
|---|---|---|
| 1 | Dated: February 1, 2011 | EPSTEIN BECKER & GREEN, P.C. |
| 2 | | |
| 3 | | /s/ Andrew J. Sommer |
| | | By: Andrew J. Sommer, Esq. |
| 4 | | Attorneys for Defendant |
| | | QUEST DIAGNOSTICS CLINICAL |
| 5 | | LABORATORIES, INC. |
| 6 | | |
| 7 | Dated: February 16, 2011 | MURCHISON & CUMMING, LLP |
| 8 | | |
| 9 | | /s/ Melissa Wood Eisenberg |
| | | By: Melissa Wood Eisenberg, Esq. |
| 10 | | Attorneys for Defendant |
| | | HUNTMONT MEDICAL BUILDING |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C09-5362 SBA

-10-

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\20110316 Consent Decree & Order (FINAL emailed to Court)_mtd.wpd

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: 3/17/11

*Saundra B Armstrong*
Honorable SAUNDRA B. ARMSTRONG
United States District Judge

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001